[Cite as *State v. Coulter*, 2019-Ohio-1375.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170669 |
| | | TRIAL NO. B-1603938 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JA'VON COULTER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  April 12, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Victoria Bader*, Assistant State Public Defender, for Defendant-Appellant.

**BERGERON, Presiding Judge.**

{¶1}    A 14-year-old tragically shot and killed an individual, and ultimately he pled guilty and received a 20-year sentence.  He now challenges that sentence on appeal, attacking the sentence for a lack of record support.  But in the proceedings below, his own attorney *requested* that the trial judge sentence him to 20 years and the trial judge repeatedly assured the defendant throughout the plea hearing that she would sentence him to no more than 20 years.  Even if we could excuse the invited error, the record reveals no flaws in the sentence or sentencing proceedings.  We accordingly affirm the trial court's decision.

I.

{¶2}    Defendant-appellant Ja'Von Coulter, along with two other individuals, shot and killed Suliman Abdul-Mtakallim while he was walking home to his family one evening.  After shooting Mr. Abdul-Mtakallim, they rummaged through his pockets and stole his personal property.  Mr. Coulter, then just 14 years old, was charged with aggravated murder, aggravated robbery, and tampering with evidence.  After competency evaluations and a bind over from the juvenile court, Mr. Coulter pled guilty, two years later, to involuntary manslaughter and aggravated robbery, each enhanced with firearm specifications.

{¶3}    The record confirms that everyone at the plea hearing understood that Mr. Coulter was going to receive a 20-year sentence.  Throughout the hearing, the trial judge continually assured Mr. Coulter that he would not receive more than 20 years in prison.  Indeed, after presenting mitigating evidence, Mr. Coulter's own attorney requested a 20-year sentence:

Judge, in mitigation, at the time this happened Javon I think had just turned 14. He is just now 16. If I recall correctly, he had minimal, if any, juvenile contacts before this. * * * We spent time talking to him and his mom about the plea and the different options that are available. ***And I would ask the Court to impose the suggested sentence of 20 years.***

(Emphasis added.)

{¶4} Mr. Coulter then apologized to the victim's mother, who in turn eloquently offered to help Mr. Coulter and visit him while he was in prison. The trial court sentenced Mr. Coulter to nine years for involuntary manslaughter and eight years for aggravated robbery, each with a consecutive three-year gun specification. The trial court merged the gun specifications and mandated that the sentences run consecutively, for a total of 20 years. Mr. Coulter now appeals the trial court's decision, raising a single assignment of error challenging the record support for the trial court's 20-year sentence.

II.

{¶5} This seems to us to be a quintessential case of invited error—a party cannot request a certain result (here, a 20-year sentence) and then complain on appeal that the judge did his bidding. Given the seriousness of the offenses, defense counsel made what appears to be a reasonable strategic decision to request a 20-year sentence when Mr. Coulter faced considerably more time. Regardless, even if we could get past the invited error obstacle, Mr. Coulter's claim fails on the merits.

{¶6} As provided by R.C. 2953.08(G)(2), on review of a felony sentence, a court "may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings

3

under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. "Relevant statutes" for present purposes include R.C. 2929.11 (the purposes and principles of sentencing) and 2929.12 (the seriousness and recidivism factors), which trial courts must consider. However, "the trial court is not required to note its consideration of all the sentencing factors." *State v. Bedell*, 2018-Ohio-721, 107 N.E.3d 160, ¶ 29 (1st Dist.).

{¶7} Mr. Coulter first claims that the trial court failed to consider appropriate mitigating evidence. In that regard, he emphasizes various mitigating factors such as his expression of remorse, his age, minimal juvenile court contacts, and psychiatric history. Yet, not only does Mr. Coulter fail to make any affirmative demonstration that the trial court did not consider these factors, but the record also demonstrates the contrary. Before defense counsel requested a 20-year sentence, he offered mitigating evidence of Mr. Coulter's age, his minimal juvenile history, and his competency evaluations. And the trial judge certainly considered Mr. Coulter's remorse since she thanked him for apologizing.

{¶8} Even with Mr. Coulter's guilty pleas, he faced potentially up to 28 years in prison. His age, remorse, and minimal juvenile court contacts evaluated in conjunction with the seriousness of his crimes, suggests that the trial court considered the purposes and principles of sentencing, as well as relevant mitigating factors, by sentencing him to 20 years in prison, instead of some greater amount. And had Mr. Coulter not pleaded guilty, he faced more serious offenses that, if he were convicted, could subject him to life in prison.

{¶9} Relatedly, Mr. Coulter contends that the record did not support the trial court's finding for consecutive sentencing, pursuant to R.C. 2929.14(C)(4),

because the harm caused by Mr. Coulter's multiple offenses was not "so great or unusual" as to mandate the consecutive sentences.

{¶10} Under R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if the court finds that (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender," (2) the "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) one or more of the conditions outlined in R.C. 2929.14(C)(4)(a) through (c) apply. In this case, the trial court found R.C. 2929.14(C)(4)(b) applied:

> At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶11} If a trial court imposes consecutive sentences, the trial court must "make the findings at the defendant's sentencing hearing and incorporate its findings in the sentencing entry," but is "not required to state its reasons for imposing consecutive sentences." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 41; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶12} At sentencing, the trial court made explicit all the necessary findings under R.C. 2929.14(C)(4) and incorporated its findings in the sentencing entry. While the trial court did not elaborate upon the reasons for finding Mr. Coulter's offense to be "so great or unusual," *Bonnell* does not command such an exposition,

and regardless, the record supports these findings. A killing of this nature coupled with a robbery will normally support the necessary showing for consecutive sentences.

{¶13} We accordingly overrule Mr. Coulter's single assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The Court has recorded its own entry on the date of the release of this opinion.