[Cite as *State v. Tabor*, 2020-Ohio-2855.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28298 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-4549 |
| | : | |
| ANTHONY W. TABOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of May, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
  Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, P.O. Box 574, Dayton, Ohio 45409
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

**{¶ 1}** Defendant, Anthony W. Tabor, appeals from his conviction on a charge of importuning. Tabor's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserts that he "is unable to identify any non-frivolous issues" for appeal. This Court advised Tabor that counsel had filed an *Anders* brief and invited him to file a pro se brief within 60 days, assigning any errors for review by this Court. Tabor did not file a brief. After reviewing the record, we conclude that there are no arguably meritorious issues for Tabor's appeal.

**{¶ 2}** Tabor was indicted on two counts of importuning, the first under R.C. 2907.07(A) and the second under R.C. 2907.07(C)(1), both third-degree felonies. Tabor pleaded guilty to the second count and the first count was dismissed. According to the state's sentencing memorandum, Tabor, 38 years old, sent Instagram messages to a 12-year-old female friend of his daughter expressing his desire to engage in sexual activity with her. Tabor arranged to meet the minor victim at her house for that purpose, where he was arrested before any sexual contact occurred. Tabor did not dispute these facts in his sentencing memorandum.

**{¶ 3}** The presentence investigation report (PSI) describes how Tabor very deliberately targeted the victim. After the first series of messages from Tabor, the victim sent him a message asking if he knew how old she was. He responded that "he had been with young girls before and that the youngest he had been with was a 12 year old." According to the report, Tabor also sent the victim messages from a second Instagram account. Using that account, Tabor pretended to be a female who had had sex with him, and he sent the victim messages saying that Tabor "was a good guy," that he "would buy

her things and take her out to eat and that it was worth the chance." The PSI stated that the victim told her mother about the Instagram messages and that her mother contacted the police. When Tabor sent the victim a message about coming over, her mother called the police, and an officer came to their home. The officer watched as the victim and Tabor exchanged messages. Eventually, the victim told Tabor to come over and that the front door would be unlocked. The officer directed the victim and her mother to stay in a back bedroom, while he stood out of view of the front door. Tabor arrived and knocked on the door, and the victim yelled for him to come in. Apparently, not hearing her, he turned to leave. Another officer approached and stopped Tabor, who was then arrested.

{¶ 4} At the sentencing hearing, two victim-impact statements were presented. First, the victim's mother told the court about the profound negative effect that Tabor's crime had had on her daughter. A victim advocate also read a statement from the victim herself, which talked about her depression and fear. The trial court designated Tabor a Tier I sex offender and imposed the maximum penalty of 36 months in prison.

{¶ 5} Tabor appeals.

{¶ 6} Tabor's appellate counsel asserts a potential assignment of error challenging the trial court's imposition of the maximum penalty. The state filed a notice that it would not file a response.

{¶ 7} The trial court explained its sentencing decision this way:

> * * * I do have to weight some of the factors. One being that you knew the victim and the family, right. And what's even more concerning [is] the fact that you were present, I believe, at the victim's home and then at that point in time we have to wonder where does it go next.

But then I look back because we don't have to know here it potentially could go next because you wrote and you text and you said you—where you wanted it to go next.

\* \* \*

The messaging through the Instagram stated where you wanted this to go, so we don't even have to picture where it could have gone. You were there. So this was one step short of a more significant sexually oriented offense.

So that being stated, considering the purposes and principles of sentencing, the seriousness and recidivism factors of the Ohio Revised Code, including using the minimum sanctions to accomplish those purposes without unnecessarily burdening governmental resources, the Court does sentence Mr. Tabor \* \* \* to 36 months at the Department of Rehabilitations or Corrections, the maximum sentence that can be imposed.

(Sentencing Tr. 8-9).

{¶ 8} The Ohio Supreme Court has held that " '[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentence.' " *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 34, quoting *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. "A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony

sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12." *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12. "[A] trial court 'fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors.' " *State v. Clinton,* 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 243, quoting *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 14.

**{¶ 9}** Based on the record in this case, we agree with appellate counsel that the potential assignment of error challenging the trial court's imposition of the maximum prison term lacks arguable merit. The three-year term was within the statutory range for a third-degree felony, and the trial court plainly considered the relevant statutory sentencing factors. An argument that the sentence is contrary to law is frivolous.

**{¶ 10}** In addition, pursuant to our duty under *Anders,* we have conducted our thorough and independent review of the record, and we agree with appellate counsel that there are no non-frivolous issues for review.

**{¶ 11}** Having found no arguable merit in Tabor's *Anders* appeal, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Lucas W. Wilder
Anthony W. Tabor
Hon. E. Gerald Parker, Jr.