[Cite as *State v. Penick*, 2020-Ohio-6897.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case Nos. 2020CA00092 &<br>2020CA00106 |
| WAYNE A. PENICK | |
| Defendant-Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:      Appeal from the Stark County Court of Common Pleas, Case Nos. 2020-CR-0451(B) & 2020-CR-405


JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 22, 2020


APPEARANCES:


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JOHN D. FERRERO<br>Prosecuting Attorney<br>Stark County, Ohio | WAYNE A. PENICK<br>Inmate No. A772-868<br>Belmont Correctional Institution<br>P.O. Box 540 |
| KRISTINE W. BEARD<br>Assistant Prosecuting Attorney<br>Appellate Section<br>110 Central Plaza, South – Suite #510<br>Canton, Ohio  44702-1413 | St. Clairsville, Ohio  43950 |

*Hoffman, P.J.*

{¶1} Defendant-appellant Wayne A. Penick appeals the May 14, 2020 Entry entered by the Stark County Court of Common Pleas, convicting and sentencing him on one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B)(C)(5)(a)(ii), a felony of the third degree; and one count of aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree, emanating from trial court case numbers 2020CR0451(B) and 2020CR0405. The state of Ohio is plaintiff-appellee.

{¶2} We begin by noting Appellant's brief does not comply with App.R. 16 in numerous ways. Such noncompliance is sufficient grounds to dismiss his appeal. Nevertheless, we elect to briefly address the arguments he raises therein.

STATEMENT OF THE CASE[1]

{¶3} On May 1, 2020, Appellant appeared before the trial court represented by counsel and changed his plea to guilty to the two aforementioned charges. The trial court sentenced him to nine months in prison on the failure to comply charge and six months in prison on the drug charge. The trial court journalized its decision via Entry filed May 14, 2020. It is from that entry Appellant prosecutes this appeal.

{¶4} Appellant has not separately listed his assigned error(s), but makes a number of arguments bracketed in his purported brief with four numbered sections. We will attempt to summarize them as follows:

---

[1] A rendition of the underlying facts forming the basis of the charges is unnecessary for our resolution of this appeal.

       1) invalid plea as a result of the trial court's failure to substantially comply with Crim.R. 11;

       2) failure of the trial court to consider the factors set forth in R.C. 2929.12 and 2929.13;

       3) error by the trial court in imposing consecutive sentences; and

       4) ineffective assistance of counsel.

**{¶5}** We begin by noting Appellant has failed to provide this Court with a transcript of the May 1, 2020 Change of Plea and Sentencing Hearing. When portions of the transcript necessary for resolution of the assigned error(s) are omitted from the record, the court has no choice but to presume the validity of the lower court's proceedings, and to affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197 (1980). We find this presumption of regularity applies to Appellant's argument raised in his first and second numbered brackets in his brief. We additionally note the trial court specifically considered R.C. 2929.11 and 2929.12 in its entry sentencing Appellant and also specifically referenced R.C. 2929.13 therein.

**{¶6}** In Appellant's argument raised in bracket three of his brief, Appellant challenges the imposition of consecutive sentences. However, as noted in the trial court's sentencing entry, consecutive sentences were jointly recommended by Appellant and Appellee under R.C. 2953.08(D). Pursuant to *State v. Sergent*, 148 Ohio St.3d 94 (2016), jointly recommended sentences where the trial judge fails to make the consecutive-sentence findings are, nevertheless, authorized by law; therefore, are not appealable.

**{¶7}**     Finally, with respect to Appellant's argument he was denied the effective assistance of counsel, we find his claims are not supported by anything in the record as it existed on the date of the judgment under appeal.

**{¶8}**     For the foregoing reasons, we overrule all four of Appellant's arguments and affirm the judgment of the trial court.

By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur