[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Sergent,* Slip Opinion No. 2016-Ohio-2696.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-2696

THE STATE OF OHIO, APPELLANT, v. SERGENT, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Sergent,* Slip Opinion No. 2016-Ohio-2696.]

*Criminal law—Felony sentencing—Consecutive sentences—R.C. 2929.14(C)(4)—Sentencing judge does not need to make consecutive-sentencing findings otherwise required by R.C. 2929.14(C)(4) when consecutive sentence is part of jointly recommended sentence—Such a sentence is "authorized by law" under R.C. 2953.08(D)(1) and hence is not subject to review.*

(No. 2015-1093—Submitted February 10, 2016—Decided April 27, 2016.)

APPEAL from the Court of Appeals for Lake County, No. 2013-L-125, 2015-Ohio-2603.

_____

**KENNEDY, J.**

I. Introduction

{¶ 1} In this appeal, we address a certified conflict between a decision of the Eleventh Appellate District and decisions of the Second and Fourth Appellate

Districts regarding the following certified question: "In the context of a jointly-recommended sentence, is the trial court required to make consecutive-sentence findings under R.C. 2929.l4(C) in order for its sentence to be authorized by law and thus not appealable?" Relying on our holding in *State v. Porterfield,* 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, we answer the certified question in the negative and find that such a sentence is "authorized by law" and not appealable. Consequently, we reverse the judgment of the court of appeals on this issue and reinstate the sentence of defendant-appellee, William D. Sergent.

## II. Facts and Procedural History

{¶ 2} Appellant, the state of Ohio, charged Sergent with three counts of raping his minor biological daughter in violation of R.C. 2907.02(A)(2). Sergent pleaded guilty to all three counts that occurred over three distinct time periods between June 1, 2009, and August 31, 2010. The written plea agreement, signed by Sergent, stated that he understood that a three- to ten-year prison term was mandatory for each count of rape and that the court may order that some or all of the prison terms be served consecutively to each other. The court held a Crim.R. 11 hearing and in a judgment entry incorporating the agreement, accepted the plea, stating that Sergent understood the consequences of waiving his constitutional rights and that his plea was voluntary.

{¶ 3} At the sentencing hearing, Sergent's counsel stated: "We do have a joint sentencing recommendation, which I think is to be broken down 8 years for each count to be run consecutive for a total of 24 years." Sergent's counsel further stated:

> We believe that adopting the joint recommendation certainly would not demean the seriousness of the offense, and it would adequately protect the public, particularly in light of the fact that [Sergent] is 53 years of age at this point in time and

a 24 year prison term is a significant—I mean he will be an elderly man upon completion of that sentence.

**{¶ 4}** The prosecutor then spoke, stressing to the court that Sergent was charged with three counts of rape that were "continuing courses of criminal conduct." She further asserted that Sergent used his relationship with his daughter to force her to have sex, causing her both physical and psychological harm. Finally, the prosecutor stated: "So based on the victim's age, fiscal [sic, physical] and psychological harm, the relationship used to facilitate—the fact this is a parent—with his daughter who lives in the home with him, we did join in on a joint recommendation of 24 years."

**{¶ 5}** The trial judge then stated:

The Court has considered * * * the overriding purposes of felony sentencing pursuant to Revised Code 2929.11 which are to protect the public from future crime by this offender and others similarly minded, and to punish this offender using the minimum sanctions that the court determines accomplish the purposes, without imposing an unnecessary burden on state or local government resources. I have considered the need for incapacitation, deterrence, rehabilitation, and restitution. I've considered the joint recommendation of the parties. I have reasonably calculated this sentence to achieve the two overriding purposes of felony sentencing, and to be commensurate with and not demeaning to the seriousness of this offender's conduct and its impact not only on the victim, but on society, and to be consistent with sentences imposed for similar crimes committed by similar offenders.

**{¶ 6}** The judge also stated that he considered the seriousness and recidivism factors set forth in R.C. 2929.12. The judge imposed the jointly recommended sentence of three eight-year prison terms, one for each count of rape, to be served consecutively to each other for an aggregate prison term of 24 years.

**{¶ 7}** The sentencing entry cited R.C. 2929.14(C)(4) and set out the statutorily enumerated findings supporting the imposition of consecutive sentences. Sergent, acting pro se, filed a postsentencing motion to withdraw his plea, which the court denied.

**{¶ 8}** Sergent filed a pro se motion for leave to file a delayed appeal, which the court of appeals granted. The court of appeals appointed counsel to represent Sergent. After Sergent's counsel filed an *Anders* brief,[1] the court of appeals reviewed the record and found that an arguable issue existed to support Sergent's appeal under *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. The arguable issue concerned Sergent's sentencing, specifically, whether the trial court, in imposing consecutive sentences, complied with *Bonnell* by making the findings required by R.C. 2929.14(C) at the sentencing hearing and incorporating those findings in the sentencing entry. The court also appointed new counsel to represent Sergent.

**{¶ 9}** Sergent's new counsel filed a brief asserting two assignments of error: (1) Sergent's guilty plea was not knowingly and voluntarily entered and (2) the trial court erred in failing to make the required findings under R.C. 2929.14(C)(4) at Sergent's sentencing hearing prior to imposing consecutive sentences of imprisonment.

---

[1] An *Anders* brief "permit[s] an attorney who, after conscientious examination of the record, concludes that a criminal appeal is wholly frivolous to so advise the court and request permission to withdraw, provided that his request is accompanied with a brief identifying anything in the record that could arguably support the client's appeal." *Disciplinary Counsel v. Milhoan*, 142 Ohio St.3d 230, 2014-Ohio-5459, 29 N.E.3d 898, ¶ 8.

4

**{¶ 10}** The court of appeals overruled Sergent's first assignment of error and held that Sergent's guilty plea was entered knowingly and voluntarily. 2015-Ohio-2603, 38 N.E.3d 461, ¶ 48-55 (11th Dist.).

**{¶ 11}** In addressing Sergent's second assignment of error, the court of appeals recognized that a jointly recommended sentence that is "authorized by law" is not subject to review under R.C. 2953.08(D)(1). *Id*. at ¶ 26. However, relying on its decision in *State v. Bell*, 11th Dist. Portage No. 2014-P-0017, 2015-Ohio-218, ¶ 12, the court of appeals held that "an agreed sentence between the state and the defendant does not relieve the trial court of its obligation to make the statutorily required findings to impose consecutive sentences." *Id*. at ¶ 22, citing *State v. McFarland,* 11th Dist. Lake No. 2013-L-061, 2014-Ohio-2883, ¶ 13-14, and *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 19-22. The court found that while the trial court included the findings required by R.C. 2929.14(C)(4) for imposing consecutive sentences in its sentencing entry, it did not make those findings at the sentencing hearing, as required by *Bonnell. Id*. at ¶ 21. Therefore, the court held that Sergent's sentence was appealable and that it must be vacated and the cause remanded for resentencing.

**{¶ 12}** The Eleventh District sua sponte certified that its judgment, and its prior judgment in *State v. Bell*, are in conflict with the Second District's judgment in *State v. Weese*, 2d Dist. Clark No. 2013-CA-61, 2014-Ohio-3267, and the Fourth District's judgment in *State v. Pulliam*, 4th Dist. Scioto No. 14CA3609, 2015-Ohio-759. We recognized the conflict. 143 Ohio St.3d 1476, 2015-Ohio-3958, 38 N.E.3d 898.

**{¶ 13}** The state urges us to adopt the following proposition of law: "In the context of a jointly-recommended sentence, the trial court is not required to make consecutive-sentence findings under R.C. 2929.14(C) in order for its sentence to be authorized by law and thus not appealable." The state argues that *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, is controlling, and

under *Porterfield,* the absence of consecutive-sentencing findings does not affect whether a jointly recommended sentence is "authorized by law" under R.C. 2953.08(D)(1). And if a jointly recommended sentence is imposed by a judge and is "authorized by law," it is not subject to review on appeal under R.C. 2953.08(D)(1). Consequently, the state asks that the certified question be answered in the negative, that the court of appeals' judgment be reversed, and that Sergent's sentence be reinstated.

{¶ 14} Sergent asserts that *Porterfield* does not apply because it is "outdated" under "Ohio's current sentencing structure." Instead, Sergent argues that even when the parties jointly recommend that consecutive sentences be imposed, *Bonnell* controls and requires a trial court to make the consecutive-sentence findings required by R.C. 2929.14(C)(4). A sentence imposed without such findings, he contends, is not "authorized by law" and hence is appealable under R.C. 2953.08(D)(1). Consequently, Sergent argues that the certified question should be answered in the affirmative, and because the trial judge did not make the required findings, the judgment of the court of appeals should be affirmed.

III. Analysis

A. In the Context of a Jointly Recommended Sentence that Includes
Nonmandatory Consecutive Sentences, Consecutive-Sentence Findings Are
Not Required

a. Appealability

{¶ 15} Generally, a defendant's right to appeal a sentence for a felony offense is found in R.C. 2953.08. However, under division (D)(1), if a jointly recommended sentence imposed by a court is "authorized by law," then the sentence "is not subject to review." The question here is, when jointly recommended consecutive sentences are imposed and the trial judge fails to make the findings required in R.C. 2929.14(C)(4), is the sentence "authorized by law"?

### b. Consecutive Sentences

**{¶ 16}** Under Ohio law, absent an order requiring sentences to be served consecutively, terms of incarceration are to be served concurrently. R.C. 2929.41(A). But there are certain circumstances that require the imposition of consecutive sentences. *See, e.g.,* R.C. 2929.14(C)(1)(a), which requires that any mandatory prison term for having a firearm in the commission of a felony shall be served consecutively to any mandatory sentence imposed for the underlying felony. Otherwise, trial judges have discretion to order that multiple sentences to be served consecutively pursuant to R.C. 2929.14(C)(4), which states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court *may require* the offender to serve the prison terms consecutively *if the court finds* that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the

offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added.)

c. Jointly Recommended Nonmandatory Consecutive Sentences

{¶ 17} We have held that if a trial judge exercises his or her discretion to impose consecutive sentences, he or she must make the consecutive-sentence findings set out in R.C. 2929.14(C)(4), and those findings must be made at the sentencing hearing and incorporated into the sentencing entry. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23.

{¶ 18} Nine years earlier, in the context of a jointly recommended sentence that includes consecutive sentences, we addressed whether a trial judge's failure to make the consecutive-sentence findings required in former R.C. 2929.14(E)(4)[2] rendered the sentence unauthorized by law and thus appealable in *Porterfield,* 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690.

{¶ 19} In *Porterfield*, the defendant pleaded guilty to two counts of aggravated murder, two counts of kidnapping, one count of attempted aggravated murder, one count of aggravated burglary, and one count of aggravated robbery. Pursuant to his plea bargain, "Porterfield agreed to the precise sentence that was imposed," *id.* at ¶ 25, which was an aggregate sentence of 53 years to life, including consecutive prison terms. *Id.* at ¶ 1-2.

---

[2] Four years after *Porterfield* was decided R.C. 2929.14(E)(4) was held unconstitutional and severed in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. But it was subsequently revived in an identically worded provision and renumbered R.C. 2929.14(C)(4), as will be discussed later in the opinion.

**{¶ 20}** The court of appeals affirmed the defendant's conviction, but vacated his sentence because the trial court failed to make the consecutive-sentence findings required by former R.C. 2929.14(E)(4) (now R.C. 2929.14(C)(4)).

**{¶ 21}** We reversed the judgment of the court of appeals and held that under R.C. 2953.08(D):

> *Porterfield's sentence was authorized by law*, was recommended jointly by him and the prosecution, and was imposed by a sentencing judge. Pursuant to R.C. 2953.08(D), Porterfield's sentence is not subject to review. * * * *The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence*.

(Emphasis added.) *Porterfield* at ¶ 25.

**{¶ 22}** Accordingly, *Porterfield* stands for the proposition that a joint recommendation to impose consecutive sentences eliminates the need for a trial judge to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4) and that such a sentence, once imposed, is not subject to review under R.C. 2953.08(D) (now (D)(1)). Although we held that Porterfield's sentence was "authorized by law" under R.C. 2953.08(D), the opinion never addressed the meaning of that phrase.

**{¶ 23}** However, several years later in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, we clarified the meaning of "authorized by law." In *Underwood,* the court accepted the following certified-conflict

question: "Is an agreed and jointly recommended sentence 'authorized by law' under R.C. 2953.08(D)(1), and thus not reviewable, when the agreed sentence includes convictions for offenses that are allied offenses of similar import?" *Id.* at ¶ 9.

{¶ 24} In *Underwood*, the defendant entered pleas of no contest to four counts of theft, and although the plea documents did not reflect any sentencing agreement, the defendant acknowledged that he had a "sentencing bargain" that would result in no more than two years of incarceration. *Id*. at ¶ 4. Before sentencing, the state filed a sentencing recommendation that the defendant be ordered to pay restitution, that he be sentenced to a minimum of two years in prison, but that two of the counts are allied offenses of similar import, which requires the court to sentence the defendant on only two counts. The trial court sentenced the defendant to be incarcerated on all four counts for an aggregate sentence of two years, with no recognition of the allied offenses. *Id*. at ¶ 6.

{¶ 25} The court of appeals held that the multiple sentences for allied offenses of similar import were not authorized by law and vacated the convictions for two of the counts.

{¶ 26} The meaning of the term "authorized by law" as used in R.C. 2953.08(D)(1) was critical to our analysis of the certified question in *Underwood*. We recognized that some Ohio courts had held that a sentence is "authorized by law" if "the sentence falls within the statutory range for the offense." *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 19. We disagreed with that "narrow interpretation" because it "would mean that jointly recommended sentences imposed within the statutory range but missing *mandatory* provisions, such as postrelease control * * * or consecutive sentences * * * would be unreviewable." (Emphasis added.) *Id*. at ¶ 20. In *Underwood*, we held that "[a] sentence is 'authorized by law' and is not appealable within the

meaning of R.C. 2953.08(D)(1) only if it comports with all *mandatory* sentencing provisions." (Emphasis added.) *Id*. at paragraph two of the syllabus.

{¶ 27} We held that merging allied offenses of similar import was a mandatory sentencing requirement: "R.C. 2941.25(A) clearly provides that there may be only *one conviction* for allied offenses of similar import. Because a defendant may be convicted of only one offense for such conduct, the defendant may be sentenced for only one offense." (Emphasis sic.) *Id.* at ¶ 26. Therefore, we concluded that "a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import." *Id*. Consequently, we affirmed that Underwood's sentence was appealable and that two of the four offenses were allied offenses of similar import and must be merged, and the court could sentence the defendant for only the two remaining counts. *Id*. at ¶ 30, 33.

{¶ 28} For purposes of analyzing Sergent's case, it is important to note that we distinguished our holding in *Underwood* from our holding in *Porterfield*:

> We have acknowledged that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *State v. Porterfield,* 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25. However, *Porterfield* did not involve a mandatory sentencing provision, but merely the *discretionary decision to impose consecutive sentences*. Both R.C. 2941.25 and the Double Jeopardy Clause prohibit multiple convictions for the same conduct. For this reason, a trial court is required to merge allied offenses of similar import at sentencing. Thus, when the issue

of allied offenses is before the court, the question is not whether a particular sentence is justified, but whether the defendant may be sentenced upon all the offenses.

(Emphasis added.) *Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 27.

{¶ 29} *Underwood* holds that to be "authorized by law" under R.C. 2953.08(D)(1), a sentence must comport with all applicable mandatory sentencing provisions. But *Underwood* acknowledges that an agreed sentence that involves a *discretionary* decision to impose consecutive sentences, as in *Porterfield*, is "authorized by law" and unreviewable on appeal even if the trial court fails to make the consecutive-sentence findings.

{¶ 30} Therefore, *Porterfield* controls in Sergent's case. If a jointly recommended sentence includes nonmandatory consecutive sentences, and the trial judge fails to make the consecutive-sentence findings set out in R.C. 2929.14(E)(4), the sentence is nevertheless "authorized by law," and therefore is not appealable pursuant to R.C. 2953.08(D)(1).

{¶ 31} Most courts in Ohio have reached the same result. *State v. Weese*, 2d Dist. Clark No. 2013-CA-61, 2014-Ohio-3267, ¶ 5; *State v. Morris*, 3d Dist. Hardin No. 6-12-17, 2013-Ohio-1736, ¶ 11; *State v. Pulliam*, 4th Dist. Scioto No. 14CA3609, 2015-Ohio-759, ¶ 8; *State v. Rockwell*, 5th Dist. Stark No. 2004CA00193, 2005-Ohio-5213, ¶ 20; *State v. Rhodes*, 7th Dist. Columbiana No. 2000 CO 60, 2002-Ohio-3056, ¶ 9; *State v. Rue*, 9th Dist. Summit No. 27622, 2015-Ohio-4008, ¶ 6; *State v. Jefferson*, 10th Dist. Franklin No. 12AP-238, 2014-Ohio-11, ¶ 3; *Butler v. Warden, Lebanon Corr. Inst.*, 483 Fed.Appx. 102, 107 (6th Cir.2012); *Peoples v. Moore*, S.D. Ohio No. 1:06-CV-00791, 2008 WL 2498136, at *3 (June 18, 2008).

B.  Consecutive-Sentencing Findings Required Today Are Identical to Those
Required When *Porterfield* Was Decided

**{¶ 32}** Sergent argues that *Porterfield* does not apply because it is outdated under "Ohio's current sentencing structure."  We disagree.

**{¶ 33}** The requirement that a trial court must make findings before imposing nonmandatory consecutive sentences was first enacted in R.C. 2929.14(E)(4) in 1995.  Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7464-7470.

**{¶ 34}** However, several years after *Porterfield* was decided, we held that R.C. 2929.14(E)(4) was unconstitutional in that it "require[d] judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences."   *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph three of the syllabus, citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  So we severed R.C. 2929.14(E)(4) and held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentence." *Id.* at paragraph seven of the syllabus.

**{¶ 35}** Shortly after *Foster* was decided, the United States Supreme Court reversed course in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517. There, the court held that the Sixth Amendment's jury-trial guarantee does not prohibit judicial fact-finding before imposing consecutive sentences.  Thereafter, we held that "the consecutive-sentencing statutes severed by *Foster* are not automatically revived" by *Ice,* but noted that it was permissible for the General Assembly to require judicial fact-finding before consecutive sentences may be

imposed. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 36.

{¶ 36} Effective September 30, 2011, the General Assembly enacted Am.Sub.H.B. No. 86, which " 'simultaneously repeal[ed] and revive[d]' " the severed language in R.C. 2929.14(E)(4) and renumbered it as R.C. 2929.14(C)(4). *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 21, quoting Section 11 of the bill. R.C. 2929.14(C)(4) is identical to former R.C. 2929.14(E)(4). We recognized that with the repeal of former R.C. 2929.14(E)(4) and its revival in 2929.14(C)(4), we have "now come full circle on the question of whether a trial court must engage in judicial fact-finding prior to imposing consecutive sentences on an offender." *Bonnell* at ¶ 1.

{¶ 37} Because judicial fact-finding for consecutive sentences is the same today as it was when *Porterfield* was decided in 2005, *Porterfield* is not outdated. The legislature's revival of the same requirement reinforces that *Porterfield* is still controlling law.

### C. *State v. Bonnell* is Distinguishable

{¶ 38} However, our analysis is not yet complete. Sergent argues that *Bonnell* controls and that because the trial court did not make the consecutive sentence findings required in *Bonnell* at his sentencing hearing, his sentence is not "authorized by law" and R.C. 2953.08(D)(1) does not operate to prevent his appeal. We disagree.

{¶ 39} Subsequent to the revival of R.C. 2929.14(E)(4) in 2929.14(C)(4), this court decided *Bonnell*. In that case, we considered whether a trial court that imposes consecutive sentences must make consecutive-sentence findings and give the reasons for those findings at the sentencing hearing and in the sentencing entry.

{¶ 40} In *Bonnell*, the defendant pleaded guilty to three counts of burglary and one count of tampering with coin machines. The trial court imposed

consecutive sentences for an aggregate prison term of eight years and five months. The trial court set forth the findings required by R.C. 2929.14(C)(4) in the sentencing entry, but not at the sentencing hearing. It did not state its reasons for imposing consecutive sentences.

{¶ 41} We held that the trial court was required to make the findings at the defendant's sentencing hearing and incorporate its findings in the sentencing entry, but was not required to state its reasons for imposing consecutive sentences. *Bonnell,* 140 Ohio St.3d 269, 2014-Ohio-3177, 16 N.E.2d 659, at ¶ 37.

{¶ 42} In *Bonnell,* there was apparently a plea agreement, but there was no jointly recommended sentence. In *Bonnell*, the *trial court* exercised its discretion to impose consecutive sentences. In *Porterfield*, the *state* and the *defendant* proposed the imposition of consecutive sentences, not the judge. *Id.,* 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, at ¶ 2. And it was that agreement upon a sentence by the parties that we found obviated the need for the trial court to independently determine whether the sentence was justified under former R.C. 2929.14(E)(4). *Id.* at ¶ 25. Because *Bonnell* is factually distinguishable, it is not controlling in Sergent's appeal. *Accord Pulliam*, 2015-Ohio-759, ¶ 8-10; *State v. Marcum*, 2d Dist. Montgomery No. 26255, 2015-Ohio-549, ¶ 7, fn. 1. Therefore, we hold that *State v. Porterfield* is controlling, and the trial court was not required to make the consecutive-sentence findings required in *Bonnell* at Sergent's sentencing hearing.

## IV. Conclusion

{¶ 43} For all of the aforementioned reasons, we answer the certified question in the negative and hold that in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4). Accordingly, where a trial judge imposes such an agreed sentence without making

those findings, the sentence is nevertheless "authorized by law" and not reviewable on appeal pursuant to R.C. 2953.08(D)(1).

{¶ 44} In this case, the state and Sergent jointly recommended an aggregate 24-year sentence that included consecutive sentences, which the judge imposed. The trial judge made all of the consecutive-sentence findings in the sentencing entry, but only some of those findings at the sentencing hearing. However, compliance with R.C. 2929.14(C)(4) was not necessary because the consecutive sentences were jointly recommended, and imposition of consecutive sentences for multiple counts of rape under R.C. 2907.02 is discretionary, not mandatory. *See* R.C. 2929.41(A); R.C. 2929.14. Therefore, Sergent's sentence was "authorized by law" and pursuant to R.C. 2953.08(D)(1), the sentence is not subject to review on appeal.

{¶ 45} Accordingly, we reverse the judgment of the court of appeals and reinstate Sergent's sentence.

Judgment reversed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, and FRENCH, JJ., concur.

PFEIFER and O'NEILL, JJ., dissent and would answer the certified question in the affirmative and would affirm the judgment in accordance with the opinion of the Eleventh District Court of Appeals.

————————————

Charles E. Coulson, Lake County Prosecuting Attorney, and Teri R. Daniel, Assistant Prosecuting Attorney, for appellant.

Michael A. Partlow, for appellee.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, and Michael J. Hendershot, Chief Deputy Solicitor, urging reversal for amicus curiae, Ohio Attorney General Michael DeWine.

————————————