[Cite as *State v. Bennett*, 2018-Ohio-103.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos. 17AP-473 |
| | | (C.P.C. No. 12CR-2586) |
| v. | : | and 17AP-474 |
| | | (C.P.C. No. 12CR-2591) |
| Brandon Bennett, | : | |
| Defendant-Appellant. | : | (ACCELERATED CALENDAR) |

D E C I S I O N

Rendered on January 11, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Brandon Bennett*, pro se.

APPEALS from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Brandon Bennett is appealing from the denial of his "Motion to Correct Sentence." He assigns a single error for our consideration:

> The Trial Court erred and abused its discretion; when it overruled and denied Defendant's properly filed Verified Motion to Correct Sentence alleging sentencing issues, without any real review or even holding a Hearing; by incorrectly ruling that the Sentence imposed was not contrary to law and further incorporating the State's flawed argument that these errors can only be raised on direct appeal and are barred from review under principles of res judicata. In fact, ignored by both the Trial Court and the State, the Ohio Supreme Court recently expanded the Void Sentence Doctrine and held contrary to law, in sentencing context, means when the lower court disregards statutory mandates; and such review can happen at any time, and is not barred by res judicata. See State v. Williams, 148 Ohio St. 3d 403, 2016 Ohio 7658, 2016 Ohio LEXIS 2782 (2016).

{¶ 2}   Bennett entered into a plea bargain over 5 years ago under the terms of which he entered guilty pleas to 3 counts of aggravated robbery.  Bennett, his counsel, and the State of Ohio agreed that he should receive sentences totaling 15 years.  The trial court judge assigned to the case accepted the plea bargain, including the joint recommendation that Bennett be sentenced to 15 years of incarceration.  Bennett was so sentenced.

{¶ 3}   Years later, Bennett filed his motion asking that his sentences be set aside because the trial court accepted his agreed sentence without doing a separate analysis applying R.C. 2929.14(C)(4).  The trial court judge now assigned to Bennett's cases followed the Supreme Court of Ohio's ruling in *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696 and overruled Bennett's motion.  The *Sergent* case says that when the trial court judge accepts the joint agreement of the parties, an analysis under R.C. 2929.14(C) is not required.

{¶ 4}   The trial court judges properly overruled Bennett's motion.

{¶ 5}   The sole assignment of error is overruled.  The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

—————————————