[Cite as *State v. Gillespie*, 2022-Ohio-805.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109970 |
| v. | : | |
| CLIFFORD GILLESPIE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-640378-A and CR-19-645048-A

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jillian Piteo, Assistant Prosecuting Attorney, *for appellee.*

Maxwell Martin, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant Clifford Gillespie appeals his sentence alleging the indefinite sentence imposed under the Reagan Tokes Law is unconstitutional. Because this court overruled the arguments raised by Gillespie en banc in *State v.*

*Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, we affirm the judgment of the trial court.

{¶ 2} On August 3, 2020, Gillespie entered guilty pleas in several cases. He filed a notice of appeal in two cases, Cuyahoga C.P. Nos. CR-19-640378 and CR-19-645048. In Cuyahoga C.P. No. 640378, Gillespie pleaded guilty to the following charges: 1) one count of aggravated robbery, a felony of the first degree, with a three-year firearm specification, notice of prior conviction specifications, and a repeat violent offender specification, 2) one count of having weapons while under disability, a felony of the third degree, 3) one count of public indecency, a misdemeanor of the third degree, and 4) two counts of aggravated menacing, misdemeanors of the first degree.

{¶ 3} In Cuyahoga C.P. No. 645048, he pleaded guilty to the following charges: 1) one count of felonious assault, a felony of the first degree with a three-year firearm specification, notice of prior conviction, and a repeat violent offender specification, 2) four counts of felonious assault, felonies of the first degree, with notices of prior conviction and repeat violent offender specifications, and 3) one count of having weapons while under disability, a felony of the third degree.

{¶ 4} As part of the plea agreement, the state and Gillespie jointly recommended an aggregate 15-year prison sentence with no potential for judicial release. In its colloquy with Gillespie when accepting his pleas of guilt, the trial court indicated that it would impose the 15-year agreed sentence and explained it would

fashion the sentence so that there would be minimal indefinite time imposed under the Reagan Tokes Law, making the aggregate sentence an aggregate 15 to 16½ years.

{¶ 5} On August 26, 2020, the trial court sentenced Gillespie to an aggregate term of incarceration of 15 to 16 ½ years. At issue in this appeal is the sentence imposed on one charge in Cuyahoga County Court of Common Pleas Case No. 640378. In that case, for the crime of aggravated robbery, Gillespie received a sentence of three years' imprisonment on the gun specification to be served prior to and consecutively to a prison sentence of three to four-and-a-half years.

{¶ 6} Appellant raised one assignment of error, which reads:

> Appellant's sentence is invalid because it was imposed pursuant to the Reagan Tokes Act amendments, S.B. 201, which violates the United States and Ohio Constitutions.

In this assignment of error, Gillespie argues that the Reagan Tokes Law is unconstitutional where (1) it violates the separation-of-powers doctrine, (2) it violates his right to due process, and (3) it violates his right to a jury trial.[1]

{¶ 7} In an en banc decision, this court overruled arguments raised by Gillespie. *Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. As Gillespie makes no other argument regarding his convictions, we find the trial court properly

---

[1] Gillespie argues in his appeal that the court did not properly make findings to impose consecutive sentences. However, he did not assign this as error and where there is an agreed and recommended sentence that includes the imposition of consecutive sentences, the trial court is not required to make statutory findings. *See State v. Sargent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627

imposed sentence and affirm the sentences imposed in Cuyahoga C.P. No. 640378. Appellant's assignment of error is overruled.

{¶ 8} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR


N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).