**[Cite as *State v. Sowers*, 2025-Ohio-1164.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| KERRIS SOWERS | : | Case No. CT2024-0111 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. CR2024-0380


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               April 1, 2025


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOSEPH A. PALMER                        CHRIS BRIGDON
27 North Fifth Street                   8138 Somerset Road
Zanesville, OH  43702                   Thornville, OH  43076

*King, J.*

{¶ 1}   Defendant-Appellant Kerris Sowers appeals the August 23, 2024 judgment of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 2, 2024, Sowers, while an inmate at the Muskingum County Jail, assaulted a corrections officer. On June 13, 2024, the Muskingum County Grand Jury returned an indictment charging Sowers with one count of assault of a peace officer, a felony of the fourth degree, and one count of assault of an employee of a corrections facility, a felony of the fifth degree.

{¶ 3}   On August 21, 2024, following plea negotiations with the State, Sowers agreed to enter a plea of guilty to assault of an employee of a corrections facility and to receive an agreed-upon sentence of six months, to be served consecutively to a sentence on an unrelated case. Sowers signed a Plea of Guilty document which outlined the agreement and jointly recommended sentence. The State agreed to dismiss the balance of the indictment. The trial court accepted Sowers' plea and imposed the agreed upon sentence.

{¶ 4}   Sowers filed an appeal and the matter is now before this court for consideration.

I

{¶ 5}   "SHOULD THIS COURT REVERSE THE TRIAL COURT'S DECISION TO IMPOSE THE JOINTLY RECOMMENDED CONSECUTIVE SENTENCES BETWEEN

CASES CR2024-235 AND CR2024-380 BECAUSE THE NECESSARY FINDINGS PURSUANT TO R.C. §2929.14(C)(4) WERE NOT MADE?"

I

{¶ 6}   In her sole assignment of error, Sowers argues the trial court failed to make the appropriate findings related to consecutive sentences pursuant to R.C. 2929.14(C)(4). We disagree.

{¶ 7}   This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002 ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or

(C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8} 2929.14(C)(4) governs consecutive sentences. That section states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part

of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9}  "R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, (1954), paragraph three of the syllabus.

Sowers' Consecutive Sentences

{¶ 10} As noted above, Sowers agreed to serve a consecutive sentence as part of her plea negotiations with the State. It is generally true that the trial court must state the required 2929.14(C)(4) findings at the sentencing hearing. *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. However, a joint recommendation to impose consecutive sentences eliminates the need for a trial judge to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4), and such a sentence, once imposed, is not subject to review under

R.C. 2953.08(D)(1). *State v. Sergent*, 2016-Ohio-2696, ¶30. Accordingly, Sowers' assignment of error is overruled.

{¶ 11} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By: King, P.J.

Montgomery, J. and

Popham, J. concur.