[Cite as *State v. Mosser*, 2025-Ohio-5536.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 00028 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Licking County Municipal Court, Case No. 2025 CRB 00156 |
| DESTINY R. MOSSER, | |
| Defendant - Appellant | Judgment:   Affirmed |
| | Date of Judgment:  December 11, 2025 |

BEFORE: Andrew J. King; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: Christopher D. Brigdon, for Defendant-Appellant.


*Gormley, J.*

**{¶1}** Defendant Destiny Mosser pled guilty in the Licking County Municipal Court to two first-degree-misdemeanor charges — violating a protection order and aggravated menacing — and to a third-degree-misdemeanor charge of unlawful restraint.  The trial court then imposed on Mosser a community-control sentence that included both a jail term and a one-year supervision period.  Finding no error in the trial court's acceptance of Mosser's guilty pleas and no error in the sentence imposed, we now affirm.

**The Key Facts**

**{¶2}** In February 2025, M.W. called 9-1-1 to report that Mosser was at M.W.'s residence with a machete.  M.W. also advised the 9-1-1 dispatcher that a protection order was in place prohibiting Mosser from coming within 500 feet of M.W. or her home.

{¶3} M.W.'s boyfriend recorded a video on his cellphone that day showing Mosser standing behind M.W.'s vehicle and swinging the machete around in the air. When law-enforcement officers arrived at M.W.'s home, Mosser had already returned to her own residence, which was across the street from M.W.'s home. Mosser refused to speak with the officers who knocked on her door, and she placed a metal pipe behind the door to jam it. The officers forced their way into Mosser's home, found her inside, and arrested her.

{¶4} Mosser initially faced five misdemeanor charges in connection with the February 2025 incident. The trial court appointed an attorney to represent Mosser in the case, and the parties reached a plea agreement in April 2025 that called for Mosser to plead guilty to violating a protection order (M1), aggravated menacing (M1), and unlawful restraint (M3).

{¶5} The trial judge held the plea-change hearing on the record, and the judge also conducted the hearing in the way that Criminal Rules 11(E) and 11(F) require. The trial judge thoroughly addressed, as well, Mosser's right to a jury trial or a trial to the court, the right to question witnesses, and the right to have the State prove her guilt beyond a reasonable doubt. Mosser expressed on the record not only her understanding of each of those rights but also her desire to waive them. Mosser herself, along with her counsel and the trial judge, signed a written plea of guilty, and that document was promptly filed in the clerk's office of the Licking County Municipal Court.

{¶6} Once the trial judge accepted Mosser's guilty pleas and made guilty findings on those pleas, he afforded the parties an opportunity to be heard in accordance with Criminal Rule 32(A). The trial judge then imposed sentences on each of the three

charges, ordering Mosser to spend an additional 107 days in the county jail (on top of the 73 days that she had spent in the jail before the sentencing date), remain under community-control supervision for one year, complete an inpatient-treatment program, abide by any protection orders, and comply with various other standard supervision terms.

{¶7} Mosser filed a timely notice of appeal, and new counsel was appointed to represent her here.

{¶8} Mosser's appellate counsel has now filed in the case a brief that comports with the procedure described in *Anders v. California*, 386 U.S. 738 (1967). After receiving that *Anders* brief, we sent a notice to Mosser herself indicating that she was welcome to file her own appellate brief in the case. No additional briefs from either Mosser herself or from the State have been filed here.

## Our Review of the Record Supports the View of Mosser's Counsel: This Appeal Is Frivolous

{¶9} Under *Anders*, of course, court-appointed appellate counsel in a criminal case is permitted to indicate — after the attorney has conscientiously reviewed the full record — that any possible grounds for an appeal in the case appear to be frivolous. *See id*. at 744. When such a brief is filed, *Anders* instructs counsel to file a brief identifying anything in the record that might arguably support the appeal. *See State v. Sergent*, 2016-Ohio-2696, ¶ 8, fn. 1. The court of appeals should then ensure that the indigent defendant receives a copy of that brief and should give the defendant an opportunity to raise any arguments that he or she would like to present in the appeal. *Anders* at 744. And then finally, the court itself should fully examine the case record to determine whether the appeal is frivolous. *Id*.

**{¶10}** All those steps have occurred in this appeal. Though the *Anders* brief filed by Mosser's appellate counsel in fact indicates that that lawyer could not find any issues that might arguably support the appeal, we have undertaken our duty to independently examine the record so that we can determine for ourselves whether the appeal is frivolous. We agree with Mosser's attorney and find that it is.

### A. The Guilty-Plea Hearing Was Properly Conducted

**{¶11}** The trial judge conducted the plea-change hearing in this misdemeanor case on the record, and he addressed at that hearing Mosser's constitutional rights, the nature of the charges, and the effect of a guilty plea. The trial judge's colloquy with the defendant demonstrates, too, that the defendant entered her guilty pleas knowingly and voluntarily and with a full understanding of not only her rights but also the implications of the plea change.

**{¶12}** Mosser acknowledged at the hearing that she had signed a plea of guilty. That written plea was also signed by Mosser's counsel and then by the trial judge, and that plea document was promptly filed in the trial court after the hearing.

**{¶13}** In short, the plea fully comported with Ohio law. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996) ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily").

### B. Mosser's Sentence Was Not Contrary to Law

**{¶14}** At the sentencing hearing, the trial judge gave the attorneys and Mosser one last opportunity to address the court about the sentence before it was imposed. The State recommended a sentence of 180 days in jail with placement for Mosser afterwards at an inpatient-treatment facility, while Mosser's counsel urged the court to allow Mosser

to participate in a reentry program after any jail term. Mosser herself then spoke, describing the transportation-related difficulties that she had encountered when she sought treatment in the past for her anxiety disorder.

{¶15} Under R.C. 2929.21 and R.C. 2929.22, trial courts have broad discretion when determining what sentence is appropriate in a misdemeanor case. *State v. Todd*, 2025-Ohio-2559, ¶ 48 (12th Dist.). And "'[w]hen the court's sentence is within the statutory limit, a reviewing court will presume that the trial judge followed the standards [for misdemeanor sentencing], absent a showing to the contrary.'" *State v. Inman*, 2021-Ohio-1573, ¶ 8 (4th Dist.)., quoting *State v. Downie*, 2009-Ohio-4643, ¶ 48 (7th Dist.).

{¶16} The sentence in this case comports with all relevant sentencing provisions. The amount of jail time imposed by the trial judge on each of the three charges did not exceed the statutory maximums set by R.C. 2929.24(A), the length of Mosser's supervision period did not exceed the five-year maximum set by R.C. 2929.25(A)(2), and the non-residential sanctions that were imposed as community-control conditions in the case all appear to have been designed to discourage Mosser from committing similar crimes in the future and all appear to have been — in the words of R.C. 2929.27(C) — "reasonably related to the overriding purposes and principles of misdemeanor sentencing."

{¶17} Nothing about the sentence or its imposition was improper, and any challenge to it now is frivolous.

**{¶18}** For the reasons explained above, we agree with the assessment of Mosser's appellate counsel and conclude that this appeal is frivolous. In accordance with *Anders*, we grant counsel's request to withdraw as Mosser's lawyer, and we affirm the trial court's judgment. Costs are to be paid by Appellant Destiny Mosser.

By: Gormley, J.;

King, P.J. and

Montgomery, J. concur.