[Cite as *State v. Santos*, 2026-Ohio-705.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

DAVID SANTOS

    Appellant

C.A. Nos.     25CA012229,
                   25CA012230,
                   25CA012231

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    24CR110592,
                 24CR111109,
                 24CA110996

DECISION AND JOURNAL ENTRY

Dated: March 2, 2026

HENSAL, Judge.

{¶1} David Santos appeals the consecutive sentences imposed by the Lorain County Court of Common Pleas in one of his cases. For the following reasons, this Court affirms.

I.

{¶2} The Grand Jury indicted Mr. Santos three separate times with each case primarily involving drug-related offenses. Mr. Santos and the State reached a plea deal that included an agreement that the court would sentence Mr. Santos to a total of 14 years in one of the cases with some of the individual sentences running consecutively. The trial court accepted Mr. Santos's guilty plea and sentenced him to a total of 14 years imprisonment. Mr. Santos has appealed, arguing that the trial court failed to make the findings required to impose consecutive sentences.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT VIOLATED MR. SANTOS' RIGHTS UNDER THE EIGHTH AMENDMEN[T] AGAINST CRUEL AND UNUSUAL PUNISHMENT WHEN IT FAILED TO MAKE THE REQUIRED FINDINGS AND ADHERE TO R.C. 2929.14(C)(4) AND [R.C.] 2929.41(A) IN IMPOSING CONSECUTIVE SENTENCES AND AS SUCH, THE FINDINGS WERE ERRORNEOUS, EXCESSIVE AND "CONTRARY TO LAW".

{¶3}    In his assignment of error, Mr. Santos argues that the trial court failed to make all the findings it is required to make under Revised Code Section 2929.14(C)(4) before imposing consecutive sentences.  He requests that this Court vacate his sentence and remand so that the trial court can properly consider whether consecutive sentences are appropriate and make any necessary findings.  The State, however, argues that this Court is prohibited from reviewing Mr. Santos's sentence because it was jointly recommended by the parties.

{¶4}    Section 2953.08(A) provides that a defendant who is convicted of a felony may appeal the sentence imposed for several reasons, including that it is contrary to law.  Section 2953.08(D)(1), however, provides that a sentence "is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶5}    In *State v. Sergent*, 2016-Ohio-2696, the Ohio Supreme Court considered whether a trial court must make consecutive sentence findings under Section 2929.14 if there has been a jointly recommended sentence.  *Id*. at ¶ 1.  It determined that such findings are not necessary and that the sentence that the trial court imposed in that case was authorized by law. *Id*.  Specifically, it explained that an agreed sentence that involves a discretionary decision to impose consecutive sentences is "authorized by law" even if the sentencing court fails to make consecutive sentence

findings. *Id*. at ¶ 29. It, therefore, concluded that, under Section 2953.08(D)(1), the sentence was not appealable. *Id*. at ¶ 1.

{¶6} The parties in this case jointly recommended that the trial court impose a 14-year sentence and agreed that some of the sentences would run consecutively to reach that total. We, therefore, conclude that, under Section 2953.08(D)(1), Mr. Santos's sentence is not appealable. *Id*. at ¶ 30. Mr. Santos's assignment of error is overruled.

### III.

{¶7} Mr. Santos's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

DENISE G. WILMS, Attorney at Law, for Appellant.

ANTHONY CILLO, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.