**[Cite as *State v. Ramirez*, 2026-Ohio-1066.]**

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2024 CA 0089 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Richland County, |
| ALEJANDRO M. RAMIREZ, | Case No. 2024 CR 0351 N |
| Defendant - Appellant | Judgment:  Affirmed |
| | Date of Judgment:  March 26, 2026 |

BEFORE: Andrew J. King, Robert G. Montgomery, and David M. Gormley, Judges

APPEARANCES:  Melissa D. Seabolt (Assistant Public Defender), Columbus, Ohio, for Defendant-Appellant.

*Gormley, J.*

{¶1}  Appellant Alejandro Ramirez was found guilty at a jury trial in Richland County on a felony drug-related charge.  Finding no error in the trial court's proceedings, we now affirm.

**The Key Facts**

{¶2}  In May 2024, Ramirez was indicted on one count of aggravated possession of drugs, a felony of the fifth degree, and he was tried before a jury a few months later. After the jury found Ramirez guilty on the charge, the trial court imposed an 11-month prison term.

{¶3}  Soon thereafter, Ramirez filed a notice of appeal.  New counsel was then appointed to represent him here.

{¶4} Once the trial-court record for the appeal here had been transmitted, Ramirez's appellate counsel filed a brief on Ramirez's behalf. In that brief, Ramirez's counsel, in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicated that no colorable issues exist that might prompt this court to overturn Ramirez's conviction and sentence. The appellate lawyer also indicated in the brief that she had provided copies of it to both Ramirez himself and to the prosecutor. Appellate counsel also moved to withdraw as counsel in the case.

{¶5} This court then sent a notice to the parties indicating that Ramirez could file his own appellate brief, and the State was of course given an opportunity to respond to any such brief and to the *Anders* brief. No additional briefs beyond the original *Anders* brief have been filed here.

## Our Review of the Record Finds No Reversible Error in the Trial-Court Proceedings

{¶6} Under *Anders*, court-appointed appellate counsel in a criminal case is permitted to indicate — after the attorney has conscientiously reviewed the full record — that any possible grounds for an appeal in the case appear to be frivolous. *See id*. at 744. When such a brief is filed, *Anders* instructs counsel to file a brief identifying anything in the record that might arguably support the appeal. *See State v. Sergent*, 2016-Ohio-2696, ¶ 8, fn. 1. The court of appeals should then ensure that the indigent defendant receives a copy of that brief and should give the defendant an opportunity to raise any arguments that he or she would like to present in the appeal. *Anders* at 744. And then finally, the court itself should fully examine the case record to determine whether the appeal is frivolous. *Id*. All of those steps have occurred in this appeal.

**{¶7}** Ramirez's counsel in the *Anders* brief has suggested a potential argument that might support his appeal: that Ramirez's conviction was against the manifest weight of the evidence. We have now examined that issue, and we have also independently studied the record to see whether we agree with defense counsel's view that this appeal is frivolous.

**{¶8}** "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *State v. Butler*, 2024-Ohio-4651, ¶ 75 (5th Dist.). "'The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the [trier of fact] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" (Bracketed text in original.) *State v. Williams*, 2024-Ohio-5578, ¶ 61 (5th Dist.), quoting *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 80 (1984). "[A]n appellate court will leave the issues of weight and credibility of the evidence to the factfinder, as long as a rational basis exists in the record for its decision." *State v. Sheppard*, 2025-Ohio-161, ¶ 66 (5th Dist.).

**{¶9}** Ramirez was convicted of aggravated possession of drugs under R.C. 2925.11. The statute provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." R.C. 2925.11(A). The drug involved was methamphetamine, a schedule II drug, which made the offense a felony of the fifth degree. R.C. 2925.11(C)(1)(a).

**{¶10}** The State presented three witnesses at the trial. The first witness — Angie Sams — is a probation officer with the Richland County Adult Probation Department. Ms. Sams testified that in July 2023 she arrived at an apartment at 127 ½ Sturges Avenue in Mansfield, Ohio to assist another probation officer who was checking in on one of his

probationers. The individual who answered the door at the residence informed the probation officers that the probationer was not there, but the tracking of the probationer's electronic-monitoring device indicated that she was indeed at the residence. Once the probation officers were inside, they walked around the residence. Ms. Sams testified that she observed the probationer coming out of a bedroom where another female was sleeping. Ms. Sams testified that it appeared that both the probationer and the other female were under the influence. In the kitchen, Ms. Sams observed a plate on the table that had a white substance on it, and she also saw a scale and a baggie that contained a white substance. After observing these items, the probation officers contacted the Mansfield Police Department.

{¶11} The second witness — John Meyer — is an officer with the Mansfield Police Department. Officer Meyer testified that he was dispatched to the apartment on Sturges Avenue to assist the probation officers. Officer Meyer collected the suspected drugs and paraphernalia inside the apartment, and he delivered those items to a forensic laboratory for testing. Officer Meyer testified that Ramirez was present in the residence when the drugs and paraphernalia were collected, and he told jurors that Ramirez admitted to ownership of the drugs that day. A video from Officer Meyer's body-worn camera was played for the jury. In that video, Officer Meyer posed questions to Ramirez and a woman who was also in the residence, and Ramirez said that the drugs were his.

{¶12} The State's final witness — Anthony Tambasco — is a forensic scientist and the director of a forensic laboratory in Mansfield, Ohio. Mr. Tambasco was recognized by the trial court as an expert in the field of drug analysis. He testified that he had examined the substance found on the plate collected from the Sturges residence, and he explained

to jurors that his testing of that substance indicated that it was methamphetamine, a schedule II controlled substance.

{¶13} In support of his argument that his conviction was against the manifest weight of the evidence, Ramirez contends that the State did not provide any evidence that he was under the influence. Ramirez points to the testimony of Ms. Sams and Officer Meyer that the probationer and another female at the residence did appear to be under the influence. Ramirez also points to some witness testimony indicating that he had been a guest at the residence and had not been seen in the kitchen where the methamphetamine was found.

{¶14} The State was of course not required to prove that Ramirez was under the influence that day. And as the State noted during the trial, Ramirez could have possessed the drugs even if he had not been in the same room where they were located. Possession may be either constructive or actual. *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *Id.* When Ramirez unequivocally told Officer Meyer that the drugs were his, Ramirez essentially acknowledged that he had exercised dominion and control over them. No evidence presented during the trial cast doubt on Ramirez's statement that the drugs were his.

{¶15} After reviewing the record, we cannot say that the evidence weighs heavily against a conviction on the charge of aggravated possession of drugs, and nothing in the record suggests that the trier of fact lost its way or that a manifest miscarriage of justice has occurred.

{¶16} In the end, our independent review of the record leads us to the same conclusion as the one voiced in the *Anders* brief: this appeal is frivolous.

{¶17} For the reasons explained above, we grant defense counsel's October 30, 2025 motion to withdraw, and we affirm the judgment of the Court of Common Pleas of Richland County.  Costs are to be paid by Appellant Alejandro M. Ramirez.

By: Gormley, J.;

King, P.J. and

Montgomery, J. concur.