[Cite as *State v. Lytle*, 2025-Ohio-4702.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :       Case No. 24CA30

                                   :

v.                                      :       <u>DECISION AND JUDGMENT</u>
                                        :       <u>ENTRY</u>

JASON LYTLE,                            :

    Defendant-Appellant.           :       **RELEASED: 10/06/2025**

---

APPEARANCES:

Karyn Justice, Portsmouth, Ohio, for appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Alisa Turner, Assistant Ross County Prosecutor, Chillicothe, Ohio, for appellee.

---

Wilkin, J.

{¶1} This is an appeal from a Ross County Court of Common Pleas judgment of conviction in which appellant, Jason Lytle, pleaded guilty to one count of attempted murder, a first-degree felony, and three counts of felonious assault, second-degree felonies. As part of the plea agreement, two of the felonious assault counts were merged. The trial court imposed an indefinite prison term of a minimum of 8 years and a maximum prison term of 12 years on the attempted murder conviction, and a prison term of 4 years on the remaining felonious assault conviction. The trial court ordered the sentences to be served consecutively.

{¶2} In his sole assignment of error, Lytle challenges the trial court's decision to order the sentences to be served consecutively. Lytle argues that the

trial court failed to make any findings in support of ordering the sentences to be served consecutively and failed to incorporate any findings in the sentencing entry.  Accordingly, Lytle asserts that his sentence is contrary to law.

{¶3} Lytle is correct in that the trial court did not make any findings at the sentencing hearing nor did it incorporate any findings in the sentencing entry in support of imposing consecutive prison terms.  But under the circumstances of this case, the trial court was not required to make any findings before ordering the prison terms to be served consecutively.  This is because Lytle's aggregate prison term of a minimum of 12 years and a maximum of 16 years was a jointly-recommended sentence.

{¶4} We must, however, remand the case for resentencing because Lytle's felonious assault definite prison sentence is contrary to law.  Pursuant to R.C. 2929.14(A)(2)(a), the trial court should have imposed an indefinite prison sentence for the felonious assault conviction.  But that did not occur here.

FACTS AND PROCEDURAL BACKGROUND

{¶5} Lytle was indicted in July 2023 of committing one count of attempted murder and three counts of felonious assault.  At his arraignment, Lytle pleaded not guilty to the charges and in a subsequent hearing, a jury trial date was set. Lytle and the State, however, reached a plea agreement in May 2024.  The plea of guilty form, which was signed by Lytle, indicated that Lytle was pleading guilty to the four indicted charges, and that the parties agreed to "12-16 years, forfeit vehicle, class 2 license suspension[,] State to dismiss second case at disposition[.]"  The plea agreement was reiterated at the plea hearing

held on May 20, 2024:

> It will be a joint recommendation of a twelve to sixteen year prison sentence in the original case containing attempted murder charge. There would be an agreement that there will be merger – that there would be a conviction on two of the four charges as indicted. There will be a stipulated forfeiture of the vehicle as well as a class two or class B license suspension of three to life. Further, the State has agreed to dismiss the second case in full at disposition.

{¶6} And again, at disposition, the plea agreement was placed on the record:

> Your Honor just pursuant to the plea agreement, in return for pleas of guilty to all counts of the indictment and the forfeiture of the two thousand five Chevrolet Subaru, silver in color to the Chillicothe Police Department, the State makes the recommendation of an aggregate twelve to sixteen years in prison. That being broken down as a recommendation of eight years on count one, consecutive to four years on count four as well as the State agreed to dismiss case number twenty four CR one seven one without prejudice. As well as there would be a class two license suspension, that being three years to life.

{¶7} The State also informed the trial court that count one, attempted murder, merges with the third count, felonious assault, and that counts two and four, both felonious assault, also merge. The State elected to proceed on counts one and four.

{¶8} Lytle and his counsel both addressed the trial court at disposition. Lytle's counsel stated that "this was a negotiated for plea. We'd ask the court to adopt the terms contained in the plea agreement." Additionally, Lytle's counsel agreed about the merger of two of the felonious assault counts, and "we'd waive the findings as far as the consecutive[.]" Lytle apologized for his conduct and informed the trial court that he was remorseful.

**{¶9}** The trial court, who had many interactions with Lytle due to his extensive criminal history, informed him that "I'm telling you, Jason, you're a scary dude. . . . I think you're getting a fair – you made a fair deal out of this. I think everything in here is appropriate." The trial court then imposed Lytle's sentence:

> I'm going to honor the negotiations. I'm going to sentence the defendant on count one to a minimum of eight years and a maximum of twelve years.
> On count [four], I'll sentence the defendant to four years and pursuant to the plea negotiations, I will run those two sentences consecutive to each other.
> That should get us to the agreed upon twelve to sixteen years.

**{¶10}** Lytle's judgment of conviction entry is now before us for review.

ASSIGNMENT OF ERROR

THE IMPOSITION OF CONSECUTIVE SENTENCE IS NOT SUPPORTED BY THE RECORD AND IS CONTRARY TO LAW.

**{¶11}** In his sole assignment of error, Lytle argues that the imposition of his consecutive sentence is contrary to law and should be vacated because the trial court failed to make the required findings pursuant to R.C. 2929.14(C)(4). Lytle maintains that the trial court failed to make any findings to overcome the presumption of concurrent sentences at the disposition hearing and it failed to incorporate any findings in the sentencing entry.

**{¶12}** The State opposes Lytle's argument by citing to the Supreme Court of Ohio's decision in *State v. Porterfield*, 2005-Ohio-3095, and asserts that the trial court was not required to make any findings before ordering Lytle's two sentences to be served consecutively because his sentence was jointly recommended. The State requests that we affirm Lytle's sentence and

concludes that Lytle's jointly-recommended sentence imposed by the trial court is not subject for review.

{¶13} Lytle disagrees with the State's reliance on *Porterfield*, and distinguishes the case by asserting that in this case, his prison term for attempted murder was a mandatory prison term while the sentence in *Porterfield*, was non-mandatory. Additionally, he contends that issues of allied offenses of similar import are reviewable on appeal even if the sentence was jointly recommended.

Law and Analysis

{¶14} We review Lytle's sentence pursuant to the dictates of R.C. 2953.08(G). *See State v. Marcum*, 2016-Ohio-1002, ¶ 16. Lytle maintains that our review is pursuant to R.C. 2953.08(G)(2), which provides that

> [t]he court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
> (b) That the sentence is otherwise contrary to law.

{¶15} But prior to reaching R.C. 2953.08(G), there is R.C. 2953.08(D)(1) which states:

A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

**{¶16}** The Supreme Court of Ohio held that

in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4). Accordingly, when a trial judge imposes such an agreed sentence without making those findings, the sentence is nevertheless "authorized by law" and not reviewable on appeal pursuant to R.C. 2953.08(D)(1).

*State v. Sergent*, 2016-Ohio-2696, ¶ 43.

**{¶17}** The policy behind R.C. 2953.08(D)(1) was previously outlined by the

Supreme Court of Ohio:

The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.

*Porterfield*, 2005-Ohio-3095, at ¶ 25.

**{¶18}** Lytle does not challenge the State's assertion that his sentence was

a jointly-recommended sentence.  He, however, argues that his mandatory

prison term sentence distinguishes his case and that when a sentence involves

allied offenses of similar import, it can be reviewed regardless.  First, Lytle's case

does not involve an allied offenses of similar import issue in which two of his

counts were merged as part of the plea agreement, and the attempted murder

conviction and felonious assault conviction involved separate victims.  *See State*

*v. Ruff*, 2015-Ohio-995, ¶ 23 ("two or more offenses of dissimilar import exist

within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims.").

{¶19} Second, by the plain language of R.C. 2953.08(D)(1), there is no distinction between a mandatory prison term and a non-mandatory prison term. *See also State v. Thomas*, 2019-Ohio-2654, ¶ 17 (6th Dist.) ( "We need not address this issue because the parties presented a jointly-recommended sentence at the sentencing hearing, which consisted of a three-year mandatory prison term to be served consecutive to a three-year non-mandatory prison term.").

{¶20} What is required pursuant to R.C. 2953.08(D)(1) is that in addition to being a jointly-recommended sentence, it must be authorized by law and was imposed by the trial court.  Lytle was sentenced on two counts that he pleaded guilty to: attempted murder and felonious assault.  The attempted murder conviction is a first-degree felony and pursuant to R.C. 2929.14(A)(1), the sentence is an indefinite prison term ranging from a minimum prison term between 3 years and 11 years, and a maximum prison term between 4.5 years and 16.5 years.  The trial court imposed a minimum prison term of 8 years and a maximum prison term of 12 years.  Thus, it is within the permissible sentencing range and it is authorized by law.

{¶21} For the felonious assault conviction, a second-degree felony, the trial court was required to impose an indefinite prison term ranging between a minimum prison term from 2 years to 8 years, and a maximum prison term between 3 years and 12 years.  *See* R.C. 2929.14(A)(2)(a) ("For a felony of the

second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code[.]").

**{¶22}** The trial court in Lytle's case, however, imposed a definite prison term of four years, which is contrary to the mandates of R.C. 2929.14(A)(2)(a). Accordingly, Lytle's sentence is contrary to law. *See State v. Chambers*, 2024-Ohio-3341, ¶ 211 (6th Dist.) ("Because the trial court did not comply with the mandatory requirements of R.C. 2929.14(A)(2)(a), Chambers's sentence is contrary to law.").

**{¶23}** Because the felonious assault sentence is contrary to law, we must remand the matter for resentencing.

CONCLUSION

**{¶24}** Lytle and the State reached a plea agreement that included a jointly-recommended sentence. The trial court imposed the jointly-recommended sentence, however, in doing so, it failed to impose an indefinite prison term sentence as to Lytle's felonious assault conviction pursuant to R.C. 2929.14(A)(2)(a). Because the felonious assault sentence is not authorized by the statutory mandates, Lytle's sentence is contrary to law. Therefore, we remand the matter to the trial court for Lytle to be resentenced.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

**<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT IS REVERSED and the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**