[Cite as *State v. Thompson*, 2025-Ohio-4825.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-240720 |
| | | | C-240721 |
| Plaintiff-Appellee, | : | TRIAL NOS. | B-2400038 |
| | | | B-2400870 |
| vs. | : | | |
| JAKARI THOMPSON, | : | | |
| Defendant-Appellant. | : | *JUDGMENT ENTRY* | |

This cause was heard upon the appeals, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgments of the trial court are affirmed.

Further, the court holds that there were reasonable grounds for these appeals, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 10/22/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *State v. Thompson*, 2025-Ohio-4825.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-240720 |
| | | | C-240721 |
| Plaintiff-Appellee, | : | TRIAL NOS. | B-2400038 |
| | | | B-2400870 |
| vs. | : | | |
| | | *O P I N I O N* | |
| JAKARI THOMPSON, | : | | |
| Defendant-Appellant. | : | | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: October 22, 2025

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Candace Crear,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela J. Glaser*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Jakari Thompson appeals his sentence following guilty pleas to involuntary manslaughter in the case numbered B-2400038 and involuntary manslaughter with a gun specification in the case numbered B-2400870. In his sole assignment of error, Thompson contends that the trial court erred when it sentenced him to consecutive sentences without making a proportionality finding in compliance with R.C. 2929.14(C)(4). For the following reasons, we affirm the judgments of the trial court.

## Factual Background

{¶2} On January 10, 2024, Jakari Thompson was indicted for two counts of murder with specifications, felonious assault with specifications, and having weapons while under a disability in the case numbered B-2400038. The State alleged that Thompson shot and killed H.L. When the State discovered that H.L. was pregnant at the time of her death, a second indictment charged Thompson with murder with specifications and involuntary manslaughter with specifications in the case numbered B-2400870. The cases were joined for purposes of trial.

{¶3} In the case numbered B-2400038, Thompson agreed to plead guilty to a reduced charge of involuntary manslaughter with a specification. In exchange, the State dismissed a second gun specification, the murder charge, the felonious-assault charge with specifications, and having weapons while under a disability. In the case numbered B-2400870, Thompson agreed to plead guilty to involuntary manslaughter with one specification, and the State dismissed a second gun specification and the murder charge.

{¶4} Thompson and the State agreed on a potential sentence of "11 years" in the case numbered B-2400038 to "run consecutive to the sentence in case B2300870."

3

The plea agreement in the case numbered B-2400870 included a jointly recommended sentence of "four years plus one year on the gun specification for a total sentence of five years, to run consecutive to case B2400038, Reagan Tokes to apply to case B2400038, for a total aggregate sentence with case B2400038 of 16-21 ½ years." After ensuring that Thompson's guilty pleas were knowingly, intelligently, and voluntarily entered, the court accepted the pleas and found Thompson guilty. Thompson waived the presentencing investigation, and the parties proceeded to sentencing.

{¶5} In allocution, Thompson admitted to shooting H.L. and claimed it was an accidental shooting. Thompson also admitted that when he called 911, he lied and said the victim had shot herself. Thompson and the prosecutor asked the court to impose the agreed sentence. The victim's mother asked the court to impose the maximum possible sentence.

{¶6} The trial court deviated from the jointly recommended sentence by increasing the sentence on the involuntary-manslaughter conviction in the case numbered B-2400870 from four years to six years. In all other respects, the court imposed the recommended sentence resulting in an aggregate sentence of 18 to 23½ years instead of the recommended sentence of 16 to 21½ years.

{¶7} Thompson appeals, and in his sole assignment of error, he contends that the trial court erred when it sentenced him to consecutive sentences without making a proportionality finding in compliance with R.C. 2929.14(C)(4).

## Consecutive Sentencing

{¶8} When reviewing felony sentences, this court must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1, 59. "Under that statute, an appellate court may increase, reduce, or modify a sentence, or

it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, or (2) the sentence is otherwise contrary to law." *Id.* at ¶ 9.

{¶9} R.C. 2929.14(C)(4) states that "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court" makes certain findings. "Because the statute 'permits, but does not require, a trial court to impose consecutive sentences,' it 'is not a mandatory sentencing provision.'" *State v. Riggins*, 2025-Ohio-3028, ¶ 9 (4th Dist.), citing *State v. Howard*, 2017-Ohio-9392, ¶ 54 (4th Dist.), citing *State v. Sergent*, 2016-Ohio-2696, ¶ 28-30.

{¶10} Generally, a trial court is required to make findings before imposing consecutive sentences under R.C. 2929.14(C)(4). *See State v. McDonald*, 2021-Ohio-599, ¶ 11 (1st Dist.). However, a trial court's imposition of a jointly-recommended sentence is not subject to review if it is authorized by law. R.C. 2953.08(D)(1); *Sergent* at ¶ 15; *State v. Williams*, 2025-Ohio-1345, ¶ 43 (1st Dist.). In *Sergent*, the Ohio Supreme Court held that "in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)." *Sergent* at ¶ 43.

{¶11} Citing to *State v. Porterfield*, 2005-Ohio-3095, the Court reiterated that, "a joint recommendation to impose consecutive sentences eliminates the need for a trial judge to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)." *Sergent* at ¶ 21, citing *Porterfield* at ¶ 25. The Court further explained that, "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate.

Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *Id*. at 22.

{¶12} In this case, the jointly recommended sentence included nonmandatory consecutive sentences. Thompson agreed to serve his sentences consecutively, but he did not agree to the specific sentence imposed on the involuntary-manslaughter conviction. Although the trial court deviated from the recommendation by increasing the sentence from four to six years, Thompson entered the plea agreement knowing that his sentences would run consecutively.

{¶13} In a similar case involving a defendant who "agreed to permit the trial court discretion to impose any sentence within the range for the first-degree felony" and agreed to serve his sentences consecutively, the Eighth District Court of Appeals concluded, "This distinction is of little consequence." *State v. Williams*, 2019-Ohio-1348, ¶ 7 (8th Dist.). In reaching this conclusion, the court determined that although Williams "did not agree to the specific sentence imposed on the underlying conviction," he agreed to consecutive terms, and in exchange, the State dismissed several charges. *Id*. The court noted that "the base sentence [was] potentially reviewable," but held that the agreement to consecutive terms "relieved the trial court of the need to justify the consecutive sentence." *Id*.

{¶14} Therefore, when the trial judge imposed the jointly-recommended sentence on Thompson, without making the consecutive-sentencing findings, the sentence was nevertheless authorized by law and not reviewable on appeal pursuant to R.C. 2953.08(D)(1). *See Williams* at ¶ 7; *Sergent*, 2016-Ohio-2696, at ¶ 43.

Accordingly, we overrule the sole assignment of error.

## Conclusion

6

**{¶15}** Having overruled Thompson's assignment of error, we affirm the judgments of the trial court.

Judgments affirmed.

**NESTOR** and **MOORE, JJ.,** concur.